**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

COLETTE DREWITT,

                Plaintiff,

v.

THE CBE GROUP, INC., an Iowa corporation,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

**PARTIES**

7.      Plaintiff Colette Drewitt is a natural person.

8.      The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant The CBE Group, Inc., is an Iowa corporation operating from an address at 1309 Technology Parkway, Cedar Falls, Iowa, 50613.

12.   The Defendant's registered agent in the state of Colorado is Stokes & Wolf, P.C., 1776 S. Jackson Street, Suite 900, Denver, Colorado, 80210.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly attempts to collect debts alleged to be due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.   Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to DirecTV (hereinafter the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) regarding the Account with the Plaintiff.

27. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

28. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff in connection with the collection of the Account.

31. In February 2014 the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

32.     In February 2014 during a telephone conversation regarding the Account between the Plaintiff and the Defendant the Plaintiff disputed the Account.

33.     In February 2014 during a telephone conversation regarding the Account between the Plaintiff and the Defendant the Plaintiff disputed the Account with the Defendant.

34.     In February 2014 during a telephone conversation regarding the Account between the Plaintiff and the Defendant the Plaintiff informed the Defendant that the Account is disputed.

35.     In February 2014 during a telephone conversation regarding the Account between the Plaintiff and the Defendant the Plaintiff notified the Defendant that the Account is disputed.

36.     After February 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian and/or Equifax and/or Transunion, credit reporting agencies.

37.     After February 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian and/or Equifax and/or Transunion the Defendant did not communicate to Experian and/or Equifax and/or Transunion that the Account was disputed.

38.     The information that the Defendant communicated to Experian and/or Equifax and/or Transunion after February 2014 regarding the Account conveyed

information regarding the Account directly or indirectly to the Experian and/or Equifax and/or Transunion.

39.   The information that the Defendant communicated to Experian and/or Equifax and/or Transunion regarding the Account after February 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

40.   The Defendant communicated the information regarding the Account after February 2014 to Experian and/or Equifax and/or Transunion in connection with the collection of the Account.

41.   Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

42.   Upon information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

43.   Upon information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

44.   Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

45.   Upon information and belief the Defendant has a copy or copies of the

audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

46.  Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

47.  The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) constitute false representations and/or means and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

48.  The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

49.  "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

50.  "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

51.  As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

52.    The representative(s) and / or collector(s) at the Defendant were employee(s) of

the Defendant at all times mentioned herein.

53.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the

Defendant at all times mentioned herein.

54.    The representative(s) and / or collector(s) at the Defendant were acting within the

course of their employment at all times mentioned herein.

55.    The representative(s) and / or collector(s) at the Defendant were acting within the

scope of their employment at all times mentioned herein.

56.    The representative(s) and / or collector(s) at the Defendant were under the direct

supervision of the Defendant at all times mentioned herein.

57.    The representative(s) and / or collector(s) at the Defendant were under the direct

control of the Defendant at all times mentioned herein.

58.    The actions of the representative(s) and / or collector(s) at the Defendant are

imputed to their employer, the Defendant.

59.    As a direct and proximate result of the aforesaid actions, the Plaintiff seeks

damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

60.    The previous paragraphs are incorporated into this Count as if set forth in full.

61.    The act(s) and omission(s) of the Defendant and its representative(s),

employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A),

e(8), e(10) and § 1692f preface.

62.    Pursuant to FDCPA section 1692k the Plaintiff seeks damages, costs and

reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.    A judgment in favor of the Plaintiff and against the Defendant.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.    Post Judgment Interest.

_s/ David M. Larson_  _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff